UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ANTHONY ROSS WILLIAMS,

                *Petitioner*,

vs.

D. W. NEVEN, *et al.*,

                *Respondents*.

Case No. 2:14-cv-01506-APG-NJK

ORDER

      This habeas matter under 28 U.S.C. § 2254 comes before the Court on respondents' motion (ECF No. 10) to dismiss. Respondents seek dismissal of multiple claims presented for lack of exhaustion and for failure to state a claim.

### *Background*

      Petitioner Anthony Williams seeks to set aside his 2009 Nevada state conviction, pursuant to a jury verdict, of obtaining and/or using the personal identification information of another.[1] He challenged the conviction on direct appeal and in a state post-conviction petition.

### *Governing Law*

      Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust state court remedies on a claim before presenting that claim to the federal courts. To satisfy this exhaustion requirement,

---

[1] Ex. 22. On state post-conviction review, the district court set aside a conviction in the same judgment for the gross misdemeanor of conspiracy to commit obtaining and/or using the personal identification information of another. See Ex. 47, at 6. The state court record exhibits are filed at ECF Nos. 11-14 along with a copy of the index of exhibits at the beginning of each such filing. The Court simply cites directly to the relevant exhibit number. All page citations, unless otherwise noted, are to the electronic docket page number in the header at the top of the page rather than to any internal page numbering within the original document itself.

the claim must have been fairly presented to the state courts completely through to the highest state court level of review available. *E.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003)(*en banc*); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). In the state courts, the petitioner must refer to the specific federal constitutional guarantee and must also state the facts that entitle the petitioner to relief on the federal constitutional claim. *E.g., Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000). That is, fair presentation requires that the petitioner present the state courts with both the operative facts and the federal legal theory upon which the claim is based. *E.g., Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005). The exhaustion requirement insures that the state courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

Under *Rose v. Lundy*, 455 U.S. 509 (1982), a petition presenting unexhausted claims must be dismissed unless the petitioner seeks other appropriate relief.

### *Discussion*

#### *Grounds 1, 2 and 3*

Respondents contend that Grounds 1, 2 and 3 present unexhausted claims because petitioner has expanded ineffective-assistance claims presented to the state supreme court on state post-conviction review to include federal due process claims alleging a failure to follow state law. Respondents further contend that the federal due process claims fail to state a claim upon which relief may be granted.

In federal Ground 1, petitioner alleges that he was denied rights to "due process and effective counsel" under the Sixth and Fourteenth Amendments because trial counsel allegedly improperly waived a preliminary hearing on petitioner's behalf.

In Ground 2, petitioner alleges that he was denied rights to "due process and state laws and failure to follow legislative statutes" allegedly in violation of the Fifth and Fourteenth Amendments because trial counsel signed the preliminary hearing waiver form, under counsel's own name.

In Ground 3, petitioner alleges that he was denied rights to "due process, effective counsel, [and] state and federal statutes and legislative statutes" in violation of the Fifth, Sixth and Fourteenth Amendments because there was no waiver at all on a (dismissed) gross misdemeanor charge and the waiver on the felony charge was signed by counsel without authority and under his own name.

Petitioner contends in his opposition that he exhausted the foregoing claims in his fast track statement in the Supreme Court of Nevada on state post-conviction review. He maintains that Grounds 1 through 3 are "exactly the same grounds presented in the state appeal brief before the Nevada Supreme Court," with a record citation to the fast track statement.[2]

Petitioner is correct that federal Grounds 1 through 3, other than the preamble for each federal ground, match what was presented to the state supreme court in the fast track statement. Petitioner literally cut-and-pasted the three arguments from a copy of the fast track statement into the three federal grounds.

The fast track statement, however, did not present any federal constitutional claims, due process or otherwise, to the Supreme Court of Nevada. Petitioner argued therein exclusively that counsel could not "waive a statutory preliminary examination requirement by signing his name as the defendant" and that "[t]he Waiver on the felony charge in this case was in direct violation of NRS 171.196."[3] There was no argument in the fast track statement seeking to establish that a failure to hold a Nevada statutory preliminary hearing after counsel signed the preliminary hearing waiver deprived petitioner of due process of law under the federal constitution. He instead argued only a Nevada state law violation.[4]

The Supreme Court of Nevada construed the fast track statement as presenting claims of ineffective assistance of trial and appellate counsel.[5] It perhaps might have been arguable that the fast track statement did not pursue any of the claims of ineffective assistance of counsel that had been raised

---

[2] ECF No. 18, at 2 (opposition); see also Ex. 49 (fast track statement).

[3] Ex. 49, at 11, lines 26-27; at 12, lines 12.

[4] Petitioner, with good reason, does not argue that the citation to federal cases in the portion of the fast track argument corresponding to Ground 2 (but not Grounds 1 or 3) exhausted federal constitutional claims. The State had relied upon the federal cases in support of a broad proposition that a defendant could waive constitutional or statutory rights. Petitioner distinguished the cases on the basis that, while the cases did discuss waivers by defendants, they did not establish that counsel could sign a waiver of a preliminary hearing under the Nevada statute. None of the decisions suggested that a waiver of a state statutory right to a preliminary hearing in this fashion would deny a defendant due process of law under the federal constitution. Petitioner did not rely upon any decision in support of such a federal constitutional argument – or, indeed, otherwise in fact make such an argument. Citation to the cases accordingly did not exhaust any federal due process claim. *Cf. Castillo v. McFadden*, 399 F.3d 993, 1002 (9th Cir. 2005)("Exhaustion demands more than drive-by citation, detached from any articulation of an underlying federal legal theory.")

[5] Ex. 51, at 2.

-3-

in the trial court but instead pursued only the above-described substantive argument that counsel's signature of the preliminary hearing waiver form was insufficient to waive a preliminary hearing under Nevada law. But the state supreme court did not construe the argument in that manner, and the court's consideration of ineffective-assistance claims on the merits exhausts those claims.

Accordingly, the only claims in Grounds 1, 2 and 3 that are exhausted are claims of ineffective assistance of counsel in Grounds 1 and 3. Ground 2 does not purport to assert ineffective-assistance claims and thus is wholly unexhausted.

***Ground 4***

In federal Ground 4, petitioner alleges that he was denied rights to a fair trial and due process in violation of the Sixth and Fourteenth Amendments because the state trial court abused its discretion in allowing the State to introduce other bad acts evidence that allegedly had not been proven by clear and convincing evidence. In the petition, Williams maintains – once again liberally cutting-and-pasting material from a fast track statement in the state courts – prominently and at length in Ground 4 that the admission of the propensity evidence in question violated N.R.S. 48.045.

Respondents contend in the motion to dismiss that only a claim of state law error under N.R.S. 48.045(2) was presented on direct appeal. Petitioner maintains in his opposition that "[a]lthough Ground Four may appear as a state ground, it is supported with state cases, that was [sic] decided on constitutional grounds."[6]

The fast track statement from the direct appeal cites only the following two cases: *King v. State*, 116 Nev. 349, 998 P.2d 1172 (2000), and *Tinch v. State*, 113 Nev. 1170, 946 P.2d 1061 (1997). Neither case made any constitutional holding regarding propensity evidence. *King*, 998 P.2d at 1175-76; *Tinch*, 946 P.2d at 1064-65.

Ground 4 therefore is unexhausted.[7]

---

[6] ECF No. 18, at 2.

[7] Given its holding on the exhaustion issue, the Court does not reach respondents' arguments as to failure to state a claim as to any of the four grounds. *Cf. Romano v. LeGrande*, No. 3:14-cv-00187-MMD-WGC, ECF. No. 32, at 3 (D. Nev., Oct. 18, 2016)(while a state law error does not in and of itself give rise to a constitutional violation, a due process claim based upon the same facts that give rise to an alleged state law violation does not necessarily fail to state a
(continued...)

**IT THEREFORE IS ORDERED** that respondents' motion (ECF No. 10) is GRANTED IN PART and DENIED IN PART, with the Court holding that all claims in the petition are unexhausted except for the claims of ineffective assistance of counsel in Grounds 1 and 3.

**IT FURTHER IS ORDERED** that petitioner shall have thirty (30) days from entry of this order within which to mail to the Clerk for filing a motion for dismissal without prejudice of the entire petition, for partial dismissal only of the unexhausted claims in the petition, and/or for other appropriate relief. If petitioner presents a motion for partial dismissal only of the unexhausted claims, he shall expressly and specifically move, verbatim, "for the dismissal of all claims in Grounds 1 and 3 except for the claims of ineffective assistance of counsel and for the dismissal of Grounds 2 and 4 in their entirety."

The entire petition will be dismissed without prejudice for lack of complete exhaustion if a motion as provided for herein – *i.e.*, seeking either full dismissal of the petition, partial dismissal only of the unexhausted claims and/or other appropriate relief – is not timely mailed for filing.

DATED: October 25, 2016.

_____
ANDREW P. GORDON
United States District Judge

---

[7](...continued)
claim upon which relief may be granted on the face of the pleadings).

With particular respect to Ground 4, the Ninth Circuit decision in *Alberni v. McDaniel*, 458 F.3d 860 (9th Cir. 2006), does not establish that a claim that the introduction of propensity evidence denied a defendant due process fails to state a federal claim. *Alberni* held that – on a claim subject to deferential review under 28 U.S.C. § 2254(d) – a habeas petitioner cannot establish currently that a state court denial of the claim was an unreasonable application of clearly established federal law because the United States Supreme Court expressly has left open the question of whether introduction of propensity evidence can violate due process. 458 F.3d at 866-67. *Alberni* in no sense establishes that such a due process claim *fails to state a claim* on the face of the pleadings. *Alberni* instead establishes only that *if a claim is decided on deferential AEDPA review* the petitioner ultimately will not prevail on the merits. In contrast, if the claim for some reason instead were resolved on *de novo* review, the *Alberni* holding would be inapplicable and the question left open by the Supreme Court would be addressed. Section 2254(d) establishes standards applicable to review on the merits and does not establish whether a claim states a federal claim for relief. The Court does not predetermine what the standard of review ultimately will be in determining whether a claim states a federal claim for relief, as the ultimate standard of review is not relevant to that issue.